**Law Office of Mohammed Gangat**  
675 3rd Ave, Su 1810, NY, NY 10017  
(718) 669-0714  mgangat@gangatpllc.com

**VIA ECF**                                                                                                              July 5, 2023  
Hon. Judge Honorable Eric N. Vitaliano  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

RE:   <u>Lochnicki, et. al. v. Planned Building Services, Inc., et. al.,</u> No. 1:23-cv-02822-ENV-SJB

To The Honorable Judge Vitaliano:

My office represents the Plaintiffs Cynthia Lochnicki and Chequan Potter in the above-referenced matter brought against Defendants Planned Building Services, Inc., Planned Security Services, Inc. and Planned Lifestyle Services, Inc. (collectively "Planned"). I write in response to Defendants' request for a pre-motion conference letter dated June 9, 2023.

Plaintiffs will not oppose Defendants' motion to compel arbitration with respect to Plaintiffs' individual and class claims for violations of the New York Labor Law ("NYLL") and related regulations, NYCRR. However, Plaintiff Lochnicki will oppose arbitration of her sexual harassment claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). In that respect, Lochnicki will not oppose, as Defendants indeed urge, severing of her sexual harassment and wrongful termination claims, from her wage and hour claims under the NYLL (see Defendants' Request, p. 3). Finally, Lochnicki will oppose Defendants' motion to dismiss her sexual harassment/hostile work environment and related wrongful termination and retaliatory termination claims as "facially deficient". (Defendants' Request, p. 3).

Plaintiffs do not dispute that their claims under the NYLL are subject to arbitration. Under the very precedent that Defendants cite, Mera v. SA Hospitality Group, LLC, No. 23-cv-3492, *4 (S.D.N.Y, June 3, 2023), Plaintiff Lochnicki's claim for sexual harassment, and the related wrongful termination and retaliatory termination claims under the NYSHRL and NYCHRL should be tried by this Court, even while her NYLL wage and hour and other claims are arbitrated. The basis for denying arbitration of those claims was a 2021 amendment to the Federal Arbitration Act ("FAA"), The Ending of Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. § 4-102, which provides:

> Notwithstanding other provisions of this title, at the election of the person alleging conduct constituting  a sexual harassment dispute or sexual assault dispute…no pre-dispute arbitration agreement…shall be valid or enforceable with respect to a case which is filed under Federal, Tribal or State law and related to a sexual assault dispute or sexual harassment suit.

In this case, Lochnicki has indisputably brought claims under New York State and New York City Law that constitute a sexual harassment suit. As will be discussed below, Plaintiff has met the very liberal pleading requirements for such suits under the Federal Rules of Civil

Judge Vitaliano
July 5, 2023
Page **2** of **3**

Procedure on both her State and City Claims. With respect to her sexual harassment/hostile work environment and related wrongful termination and retaliatory termination claims, this is the case because the very liberal standard of the NYCHRL governs for the NYSHRL claims, since the 2019 amendments to that statute.

In employment discrimination cases, a plaintiff is not required to establish a prima facie case at the pleadings stage. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("[t]he prima facie case under McDonnell Douglas ... is an evidentiary standard, not a pleading requirement"). "Reconciling Swierkiewicz,Twombly, and Iqbal, a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." Barbosa v. Continuum Health Partners Inc., 716 F.Supp.2d 210, 215 (S.D.N.Y.2010) (internal quotation marks and citation omitted) (emphasis added).

The NYCHRL permits liability for sexual harassment that does not rise to the level of "severe" or "pervasive" conduct but only amounts to "unwanted gender-based conduct." Williams v. N.Y.C. Hous. Auth., 61 A.D.3d 62, 76, 872 N.Y.S.2d 27, 38 (1st Dep't 2009). (emphasis added) Accordingly, "claims under the [NYCHRL] must be given 'an independent liberal construction.' " Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir.2009) (quoting Williams, 61 A.D.3d at 66, 872 N.Y.S.2d at 31). A plaintiff's complaint need not establish a prima facie case of hostile work environment at this stage but "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S.Ct. 1955.

"In general, a retaliatory hostile work environment may indeed constitute materially adverse employment action." Marquez v. City of New York, 2016 WL 4767577, at *13 (S.D.N.Y. Sept. 12, 2016) (citing Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426, 446 (2d Cir. 1999)); accord Forman v. N.Y.C. Dep't of Educ., No. 19 Civ. 8156, 2022 WL 912130, at *12 (S.D.N.Y. Mar. 29, 2022). But "in order to establish a prima facie retaliation claim, a Plaintiff must satisfy the hostile environment standard." Schaper v. Bronx Lebanon Hosp. Ctr., 408 F.Supp.3d 379, 392 (S.D.N.Y. 2019).

The NYCHRL is less demanding of plaintiffs than Title VII, on both discrimination and retaliation claims. See Cadet v. All. Nursing Staffing of N.Y., Inc., 2022 WL 4584246, at *10 (S.D.N.Y. Sept. 29, 2022) ("[F]ederal civil rights statutes serve as a floor below which the City's Human Rights law cannot fall."; Ya-Chen Chen, 805 F.3d at 76 ("NYCHRL's retaliation provision is broader than Title VII's ...."); Aiken v. MTA N.Y.C. Transit, No. 18 Civ. 11756, 2021 WL 6621579, at *13 (S.D.N.Y. Sept. 2, 2021) ("[A] plaintiff proceeding under the more generous city law need not show that she suffered an adverse employment action [and] need only demonstrate that she was treated differently from others in a way that was more than trivial, insubstantial, or petty." (emphasis added). The NYSHRL also is now more generous than Title VII. For claims that accrued on or after August 12, 2019, the effective date of recent amendments, "the standard for [NYSHRL] claims [is] closer to the standard of the NYCHRL." Livingston v. City of New York, 563 F.Supp.3d 201, 233 n.14 (S.D.N.Y. 2021). Because all of

Judge Vitaliano
July 5, 2023
Page **3** of **3**

Plaintiff's NYSHRL claims accrued in or after October 2019, they "rise and fall with her NYCHRL claims." Syeed v. Bloomberg L.P., 568 F.Supp.3d 314, 321 (S.D.N.Y. 2021).

It is crystal clear that under the applicable NYCHRL standard, and thus the NYSHRL, of what constitutes sexual harassment and a hostile work environment, Plaintiff Lochnicki has made out the requisite "plausible claim on its face" that would survive a motion to dismiss. Twombly, 550 U.S. at 570. Even if defendants' conduct was arguably not "severe" and "pervasive" as required in a Title VII claim, Lochnicki was undeniably subjected to "unwanted gender-based conduct", the applicable standard under the NYCHRL and now NYSHRL. Williams v. N.Y.C. Hous. Auth., 61 A.D.3d 62, 76, 872 N.Y.S.2d 27, 38 (1st Dep't 2006).

In her Complaint, Plaintiff Lochnicki alleges that Darrington, a male co-worker who worked alongside her as a security guard during her entire employment with Defendants engaged in repeated acts of sexual harassment, beginning with flirting with her from their first meeting, repeatedly asked her out even after being turned down, sent her unwelcome romantic text messages, would make unwelcome eye contact, and then while Locknicki was taking her lunch break behind a closed door began loudly banning on the door out of frustration because she had rejected his romantic overtures. (Complaint, Doc. 1, ¶¶ 46-53).

In July 2022 Locknicki brought her complaints about Darrington's unwelcome sexual harassment to one of Defendant's Managers, Valdana, in a face-to-face meeting. Valdana said he would move Darrington to a different location in the workplace. However, between July and September 2022, he was not moved and the harassment continued. (Complaint, ¶¶ 54-57). Then Locknicki brought a second complaint to the Supervisor of the Security Guards, named Robert, who was shocked when he was shown the unwelcome text messages and heard about Darrington's other unwelcome sexually based conduct towards her. Despite, Robert's purported shock, Defendants terminated Locknicki without cause 20 days later. (Complaint, ¶ 58). Clearly her complaints led to her wrongful termination, which was in retaliation for standing up to her rights under the NYSHRL and NYCHRL.

Based on these pled facts, Plaintiff Locknicki has made out plausible claims for sexual harassment and hostile work environment under the NYSHRL (Compl. ¶¶ 111-119) and NYCHRL (Compl. ¶¶ 120-127), wrongful termination under the NYSHRL (Compl. ¶¶ 128-135) and NYCHRL (Compl. ¶¶ 136- 141), and for retaliatory termination under the NYSHRL (Compl. ¶¶ 142-144) and NYCHRL (Compl. ¶¶ 145-147).  Plaintiffs note that at ¶¶ 131 and 136 the complaint should refer to termination based on "sex" not "disability" and that Plaintiffs intend to file an amended complaint to correct those typos.

                                                          Respectfully submitted,
                                                          /s Mohammed Gangat
                                                          Mohammed Gangat, Esq.